**FILED**

**JAN 17 2023**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS ANDRES BOTERO PENARETE,<br>CAMILA SANTOS,<br>also known as "Camila Botero,"<br>YANITSE BARAJAS,<br>MARIA JULIA SALGADO,<br>ALEJANDRO BUITRAGO,<br>CAMILO BETANCUR, and<br>JUAN PABLO SANCHEZ | Case No.:<br><br>Violations: Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h)<br><br>1:23-cr-00025<br>Judge Mary M. Rowland<br>Magistrate Judge Beth W. Jantz<br>RANDOM |

## COUNT ONE

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. Beginning no later than in or about March 2020 and continuing until at least in or about December 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CARLOS ANDRES BOTERO PENARETE,
CAMILA SANTOS,
also known as "Camila Botero,"
YANITSE BARAJAS,
MARIA JULIA SALGADO,
ALEJANDRO BUITRAGO,
CAMILO BETANCUR, and
JUAN PABLO SANCHEZ,

defendants herein, did conspire with each other, with Co-Conspirator A and Co-Conspirator B, and with others known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely, (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate

and foreign commerce, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and (b) to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

*Overview of the Conspiracy*

2. It was part of the conspiracy that, from no later than in or about March 2020 to at least in or about December 2020, CARLOS ANDRES BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, ALEJANDRO BUITRAGO, CAMILO BETANCUR, JUAN PABLO SANCHEZ, Co-

Conspirator A, and Co-Conspirator B participated in a money laundering organization ("MLO") that was responsible for collecting, depositing, and transferring large amounts of United States currency derived from the buying and selling of controlled substances ("drug proceeds"). During the conspiracy, BOTERO PENARETE, SANTOS, BARAJAS, and SALGADO, among others, (1) opened, and caused to be opened, bank accounts to allow the MLO to deposit drug proceeds into those accounts; (2) collected, and caused to be collected, drug proceeds from various individuals throughout the United States; (3) deposited, and caused to be deposited, the collected drug proceeds, in the form of cash and cashier's check, into bank accounts controlled by co-conspirators, including BOTERO PENARETE, SANTOS, BARAJAS, SALGADO, and Co-Conspirator B; and (4) wire transferred, and caused to be wire transferred, the drug proceeds to other bank accounts, including in Colombia, and transferred, and caused to be transferred, the drug proceeds to cryptocurrency exchanges, converted, and caused to be converted, the drug proceeds to cryptocurrency, then transferred, and caused to be transferred, the cryptocurrency to cryptocurrency wallet addresses provided by Co-Conspirator A.

*The Collection of Drug Proceeds from Third Parties*

3. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE and Co-Conspirator A agreed with individuals who owned and controlled drug proceeds located in the United States ("drug proceeds owners") to have the MLO collect, deposit, and transfer drug proceeds from drug proceeds couriers located

3

throughout the United States, including in the Chicago area, on behalf of the drug proceeds owners.

4. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE made, and caused to be made, travel arrangements for himself, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, ALEJANDRO BUITRAGO, CAMILO BETANCUR, and JUAN PABLO SANCHEZ to collect drug proceeds from the drug proceeds couriers.

5. It was further part of the conspiracy that, between March 2020 and December 2020, CARLOS ANDRES BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, ALEJANDRO BUITRAGO, CAMILO BETANCUR, JUAN PABLO SANCHEZ, and others, through telephone calls and electronic messages, coordinated with the drug proceeds couriers and others concerning the timing of the collection of cash drug proceeds and the amount of proceeds to be collected, including the following:

    a. in or about March 2020, the collection of approximately $500,000 of cash drug proceeds in or around South Florida;

    b. on or about June 5, 2020, the collection of approximately $500,000 of cash drug proceeds in or around New York, New York.

    c. on or about June 10, 2020, the collection of approximately $500,000 of cash drug proceeds in or around New York, New York.

    d. in or about July 2020, the collection of approximately $997,000 of cash drug proceeds in or around South Florida.

   e. in or about October 2020, the collection of approximately $1,000,000 of cash drug proceeds in or around South Florida.

   f. on or about December 10, 2020, the collection of approximately $500,000 of cash drug proceeds in or around Chicago, Illinois.

   g. on or about December 15, 2020, the collection of approximately $499,882 of cash drug proceeds in or around Chicago, Illinois.

  6. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE and others used coded language and "burner" phones to arrange the collection of drug proceeds from the drug proceeds couriers, and to help conceal and disguise the nature, location, source, ownership, and control of the proceeds.

  7. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE collected, and caused to be collected, the drug proceeds from the drug proceeds couriers in a covert manner in parking lots, hotels, and other locations in the Northern District of Illinois, and elsewhere, knowing that the property involved in the collections represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

*Deposit of Drug Proceeds into Bank Accounts*

  8. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE opened, and caused to be opened, bank accounts held in the name of businesses into which the drug proceeds were deposited. These bank account owners

included BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, and Co-Conspirator B.

9. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, ALEJANDRO BUITRAGO, and CAMILO BETANCUR purchased, and caused to be purchased, cashier's checks with the drug proceeds.

10. It was further part of the conspiracy that between in or around March 2020 and December 2020, CARLOS ANDRES BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, CAMILO BETANCUR, ALEJANDRO BUITRAGO, and others deposited, and caused to deposited, at least approximately $2,497,000 of drug proceeds, in the form of cash and cashier's checks, into multiple bank accounts controlled by BOTERO PENARETE, SANTOS, BARAJAS, SALGADO, Co-Conspirator B, and others, knowing that the property involved in each deposit represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

11. It was further part of the conspiracy that between in or around March 2020 and December 2020, CARLOS ANDRES BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, and Co-Conspirator B attempted to wire transfer, wire transferred, and caused others to wire transfer and attempt to wire transfer, drug proceeds that the co-conspirators had deposited, and caused to be deposited, into bank accounts to other bank accounts controlled by the

MLO and others. BOTERO PENARETE, SANTOS, BARAJAS, SALGADO, and Co-Conspirator B transferred, and caused others to transfer, these drug proceeds knowing that the transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

12. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE and others transferred, and caused to be transferred, the drug proceeds from bank accounts controlled by the MLO and others to cryptocurrency exchanges, converted, and caused to be converted, the drug proceeds to cryptocurrency, then transferred, and caused to be transferred, the cryptocurrency to cryptocurrency wallet addresses provided by Co-Conspirator A, knowing that the transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

13. It was further part of the conspiracy that CAMILA SANTOS—at the direction of CARLOS ANDRES BOTERO PENARETE—created spreadsheets to track the deposits of the collected drug proceeds into bank accounts and the transfer of those deposits to other accounts controlled by the MLO and others.

14. It was further part of the conspiracy that CARLOS ANDRES BOTERO PENARETE, CAMILA SANTOS, YANITSE BARAJAS, MARIA JULIA SALGADO, ALEJANDRO BUITRAGO, CAMILO BETANCUR, JUAN PABLO SANCHEZ, and Co-Conspirator A, and others known and unknown to the Grand Jury, did conceal and hide, and cause to be concealed and hidden, the purposes and the acts done in furtherance of the conspiracy, including through the use of coded language, "burner"

phones, multiple bank accounts, cashier's checks, and other means to avoid detection and apprehension by law enforcement authorities.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

On or about December 10, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CARLOS ANDRES BOTERO PENARETE and<br>ALEJANDRO BUITRAGO,

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $500,000 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

On or about December 15, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CARLOS ANDRES BOTERO PENARETE,
ALEJANDRO BUITRAGO, and
JUAN PABLO SANCHEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $499,882 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2022 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18 United States Code, Section 1956, as set forth in this Indictment, defendants shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p) and Title 18, United States Code, Section 982(b)(2).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Erika L. Csicsila on behalf of
JOHN R. LAUSCH, JR.
United States Attorney